## Commonwealth v. Parker

*William F. Morgan*, for Commonwealth.
*Bernard J. Hessley*, for defendant.

WOLFE, P. J., February 4, 1970.—Before the court is a motion by defendant to quash the indictment approved by the grand jury on January 7, 1970, on a charge against defendant of operating a motor vehicle on a public highway while under the influence of intoxicating liquor in violation of section 1037 of The Vehicle Code of April 29, 1959, P. L. 58, a misdemeanor.

The court heard testimony from the arresting officer who testified that he arrested defendant on November 26, 1969, in the Township of Brokenstraw, took defendant into custody and drove him to Dr. Simonsen's office in the Borough of Warren for a blood test and thereafter conveyed defendant to Justice of the Peace Raymond Gilmore, whose office is in Conewango Township where the officer finally filed the complaint and directed a warrant of arrest be issued against defendant which was executed on the same date, namely, November 26, 1969.

The transcript shows that defendant was read the complaint, advised of his rights and thereupon waived preliminary hearing and posted $250 cash bail for appearance in the quarter sessions.

The officer testified that the arrest was made under section 1214 of The Vehicle Code, that there was a justice of the peace at Irvine, Pa., which is situated in Brokenstraw Township where the offense occurred, but he was of the opinion that the justice normally worked and would not be available during the hour of defendant's arrest, that there was a justice available in the Borough of Warren but, again, was of the opinion that it was difficult to have the justice available at the hour of arrest, namely 9:30 p.m.

On cross-examination, the arresting officer admitted that he made no direct effort to ascertain the whereabouts of the justice in the Village of Irvine, Brokenstraw Township, nor did he make any effort to

ascertain the availability of the justice for the Borough of Warren. The officer further stated that there were two other justices in the Borough of Youngsville that would be closer to the point of arrest than the justice that was ultimately used in Conewango Township.

On the foregoing testimony, defendant's position is that he was not taken before the nearest available magistrate as required under section 1214 and, therefore, the court is without jurisdiction now to proceed on the matter.

The Commonwealth argues that as a matter of law sections 1201(a) and 1201(b) apply and that, therefore, the information could be lodged against defendant before any justice of the peace within Warren County, since this violation is a misdemeanor and not a summary offense, and this, notwithstanding the arrest was made under section 1214 of The Vehicle Code.

This apparent conflict of section 1214 with section 1201(a) and 1201(b) was well settled in the case of Commonwealth v. Caruso, 31 D. & C. 2d 611, which this court adopts.

In the Caruso case, Judge Mook found:

"If this section [1214] were the only provision in The Vehicle Code concerning the procedure to be followed for violations of the code, it would seem that defendant's argument would be tenable, but sections 1201 and 1202 both provide that where the offense is designated a felony or misdemeanor, information may be filed as now provided by law.

"Section 1201(a) first outlines the procedure to be followed in the summary provisions of the act providing, with certain exceptions, that the information shall be filed before the nearest available magistrate, whereas subsection (b) simply provides as indicated above:

" 'Where the offense committed is designated a felony or misdemeanor, information may be filed as now provided by law.'

"The same provision reappears in subsection (b) of section 1202 with the addition that the warrant may be served as now provided by law.

"Thus it seems clear to us that it was the obvious intent of the legislature to limit the requirement that the information be filed before the nearest available Magistrate to summary cases."

Thus section 1214 of The Vehicle Code is not exclusive in its application and where the information is designated a felony or misdemeanor, the information may be filed as now provided by law, which in this case may be before any magistrate available in the county.

Therefore, the court makes the following order:

ORDER

And now, February 4, 1970, the motion to quash is refused.